IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAURICE VAN BUREN,

    Plaintiff,                                    CIV. NO. S- 06-2029 FCD GGH PS

    vs.

SOCIAL SECURITY ADMINISTRATION,

    Defendants.                            FINDINGS AND RECOMMENDATIONS

/

        Presently before the court is defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(5), filed September 13, 2006.[1] Plaintiff has not filed an opposition. After carefully reviewing the record, the court recommends granting the motion to dismiss.

BACKGROUND

        Plaintiff filed the instant complaint in the Superior Court of California for the County of Solano, on May 9, 2006. Defendant removed the action to this court on September 11, 2006, based on exclusive federal jurisdiction for suits against the United States. The complaint is a form complaint, and plaintiff has checked every box listed for causes of action: "motor vehicle," "general negligence," "intentional tort," "products liability," and "premises liability." He has checked every box for his suffering: "wage loss," "loss of use of property," "hospital and medical expenses," "general damage," "property damage," "loss of earning capacity," and

---

[1] This matter was originally calendared for hearing on October 26, 2006, but was vacated after it was determined that oral argument was unnecessary.

"other."  He seeks more compensatory and punitive damages.  The complaint contains no other information.

LEGAL STANDARD FOR MOTION TO DISMISS

Defendant brings its motion under Fed. R. Civ. P. 12(b)(1) and (5) for lack of subject matter jurisdiction due to failure to exhaust administrative remedies, no waiver of sovereign immunity to permit suit against "Social Security," and failure to perfect service of process.

Federal district courts are courts of limited jurisdiction.  U.S. Const. Art. III, § 1 provides that the judicial power of the United States is vested in the Supreme Court, "and in such inferior Courts as the Congress may from time to time ordain and establish."  Congress therefore confers jurisdiction upon federal district courts, as limited by U.S. Const. Art. III, § 2.  See Ankenbrandt v. Richards, 504 U.S. 689, 697-99, 112 S. Ct. 2206, 2212 (1992).  Since federal courts are courts of limited jurisdiction, a case presumably lies outside the jurisdiction of the federal courts unless proven otherwise.  Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 376-78, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  Lack of subject matter jurisdiction may be raised at any time by either party or by the court.  See Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

On a Rule12(b)(1) motion to dismiss for lack of subject matter jurisdiction, plaintiff bears the burden of proof that jurisdiction exists.  See, e.g., Sopcak v. Northern Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir.1995); Thornhill Pub. Co. v. General Tel. & Electronics Corp., 594 F.2d 730, 733 (9th Cir.1979).  Different standards apply to a 12(b)(1) motion, depending on the manner in which it is made.  See, e.g., Crisp v. U.S., 966 F. Supp. 970, 971-72 (E.D. Cal. 1997).

First, if the motion attacks the complaint on its face, often referred to as a "facial attack," the court considers the complaint's allegations to be true, and plaintiff enjoys "safeguards akin to those applied when a Rule 12(b)(6) motion is made."  Doe v. Schachter, 804

F. Supp. 53, 56 (N.D.Cal. 1992). Presuming its factual allegations to be true, the complaint must demonstrate that the court has either diversity jurisdiction or federal question jurisdiction. For diversity jurisdiction pursuant to 28 U.S.C. § 1332, plaintiff and defendants must be residents of different states. For federal question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint must either (1) arise under a federal law or the United States Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2, or (3) be authorized by a jurisdiction statute. Baker v. Carr, 369 U.S. 186, 198, 82 S. Ct. 691, 699-700, 7 L. Ed. 2d 663 (1962).

Second, if the motion makes a "factual attack" on subject matter jurisdiction, often referred to as a "speaking motion," the court does not presume the factual allegations of the complaint to be true. Thornhill, 594 F.2d at 733. In a factual attack, defendant challenges the truth of the jurisdictional facts underlying the complaint. "Faced with a factual attack on subject matter jurisdiction, the trial court may proceed as it never could under Rule 12(b)(6). . . . No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id. (quotations and citation omitted). The court may hear evidence such as declarations or testimony to resolve factual disputes. Id.; McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).[2]

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972). Unless it is clear that no amendment can cure its defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before dismissal. See Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir.2000) (en banc); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

---

[2] If the jurisdictional issue is intertwined with the merits of the case, the trial court cannot determine the jurisdictional issue until such facts are appropriately resolved. See Roberts v. Corrothers, 812 F.2d 1173, 1177-78 (9th Cir.1987); see also Trentacosta v. Frontier Pac. Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir. 1987) (summary judgment standard applied if motion determines facts where jurisdictional issue and merits are intertwined).

ANALYSIS

Local Rule 78-230(m) provides in part: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ."

Plaintiff's failure to oppose should be deemed a waiver of opposition to the granting of the motion. In the alternative, the court has reviewed the motion and finds that it has merit.

Defendant moves to dismiss on various grounds. Defendant first argues that plaintiff has no claim against defendant Social Security on the claims alleged. "It is axiomatic that the United States may not be sued without its consent and the existence of consent is a prerequisite for jurisdiction." United States v. Mitchell, 445 U.S. 535, 538 (1980); United States v. Sherwood, 312 U.S. 584, 586 (1941). A waiver of sovereign immunity cannot be implied but must be unequivocally expressed by Congress. United States v. King, 395 U.S. 1, 4 (1969). The Social Security Administration has not waived its sovereign immunity.

Plaintiff has not named the proper defendant. The party named, Social Security,[3] is protected by sovereign immunity. The proper defendant is Jo Anne Barnhart, Commissioner of Social Security. The court might otherwise permit amendment of the complaint to permit plaintiff to name the proper defendant; however, the complaint fails on other grounds which cannot be cured.

Defendant's motion is also based on failure to exhaust administrative remedies. The Federal Tort Claims Act (FTCA) waives the sovereign immunity of the United States for actions in tort. The FTCA also provides that before an individual can file an action against the United States in district court, he must seek an administrative resolution of the claim. 28 U.S.C. § 2675(a) provides, in relevant part,

---

[3] Plaintiff presumably intended to name Social Security Administration as defendant.

4

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligence or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

According to defendant, plaintiff has never filed an administrative tort claim. (Heiser Decl., Motion to Dismiss, filed September 13, 2006, ¶ 3). Because plaintiff did not file an administrative tort claim against the Social Security Administration, his tort claims should be dismissed.

Because the court finds that plaintiff has failed to exhaust his administrative remedies, it will not reach defendant's other grounds for dismissal.

CONCLUSION

Good cause appearing, IT IS RECOMMENDED that defendant's motion to dismiss, filed September 13, 2006, be granted and this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 11/17/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS,
UNITED STATES MAGISTRATE JUDGE

GGH:076
VanBuren2029.mtd.wpd